WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
WM. MADDEN HILL
W. J. (DICK) HOLT
W. J. KEMP
C. M. KENNEDY
LEONARD KING
GEORGE P. KIRKPATRICK
SAM LANE

JOHN McKAY
ROBERT W. McKISS
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES B. WALKER
H. L. WILLIFORD



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 5, 1939.

Hon. Charles H. Theobald,
County Attorney,
Galveston, Texas.

Dear Mr. Theobald:

Opinion No. O-12
Re: Appointment of Deputy Sheriffs

Your letter of December 28, 1938, addressed
to Attorney General William McCraw, has been referred
to this department for answer. We quote from your
letter as follows:

"The County Commissioners' Court
of this County have before them the
question of the number of deputies which
the Sheriff of Galveston County is en-
titled to appoint with their approval.
Galveston County, according to the last
United States Census, contains a popula-
tion of 64,401.

"Owing to the development of several
oil fields in this county it is necessary
that the Sheriff have paid deputies at
each of them. The Sheriff now has four (4)
deputies in the precinct in which our
court house is located, one of whom is
the office deputy and handles the accounts
in the Sheriff's office and the other
three are active in our courts, of which
two are district courts and the other is
the county court and, in addition to
that, they serve the processes in civil
and criminal cases, as well as summons
the jurors for the courts, including
special venires in capital cases and,
in fact, all the duties of the Sheriff,
and naturally they are always crowded for
time.

"My purpose in writing you is to ask

Hon. Charles H. Theobald,                    #2
January 5, 1939.

if Article 6869 of Vernon's Annotated
Civil Statutes (pocket) is still in
effect in that it limits the number
of deputies to be appointed by the
Sheriff in any one county to not ex-
ceeding three in the justice precinct
in which is located the County Seat
and one in each Justice Precinct.  The
reason for my difficulty in determining
if the said statute is still in effect
is that at that time the Sheriff was
working entirely on a fee basis and
now he, as well as other officials
of this County, work on a salary basis.

"Article 3902, Vernon's Annotated
Civil Statutes, (pocket) Acts of the
45th Legislature, 2nd Called Session,
Senate Bill #10, Section #1, provides
for the appointment of deputies by
County officials.  You will note that
the first paragraph thereof provides
that, when any district, county or
precinct officer shall require the
services of deputies, assistants or
clerks in the performance of his duties
he shall apply to the County Commission-
ers' Court of his county for authority
to appoint such deputies, assistants or
clerks; then follows the requirements
of the application.  It would seem that
under Article 3902 the Sheriff of this
county, having a population of 64,401,
(Sec. 4) is entitled to a first assistant
or chief deputy and other assistants,
deputies or clerks, the salaries being
named.

"In view of the foregoing, it occurs
to me that the Sheriff of this County is
not limited to the three deputies at the
County seat and one in each justice pre-
cinct, but that he may make application
to the Commissioners' Court in due form,
setting out the number of deputies, assis-
tants or clerks that he requires for the
performance of the duties of his office,

Hon. Charles H. Theobald,                                    #3
January 5, 1939.

> naming the salaries to be paid them,
> of course within the limitation pre-
> scribed by law; and then, the Commission-
> ers' Court, acting within its discretion,
> may determine the number to be appointed as
> to the Court may appear proper."

You are respectfully advised that it is the
opinion of this department that you are correct in
your conclusion of law as to the above question.

The department is not in possession of any
definite decision affecting the question on hand,
and therefore must arrive at the conclusion that
Article 6869, Vernon's Annotated Texas Civil Statutes
which applies to the sheriffs under the Fee Law, has
been superseded insofar as it applies to Galveston
County, Texas, a county having a population of 64,601,
according to the last United States Census, by Article
3902, Revised Civil Statutes of Texas, and Section
4 thereof, and by the Officers' Salary Law of the
State of Texas.

It is the further opinion of this department
that it rests within the discretion of the Hon. Commission-
ers' Court of Galveston County, Texas, as to the num-
ber of deputies which the sheriff should employ. You
will note in Article 3902, Revised Civil Statutes, that
the sheriff shall make application to the Commissioners'
Court for the appointment of deputies, and etc., and
that, furthermore, he shall show the probable receipts
and disbursements of his office in order for the Commission-
ers' Court to determine the number and necessity therefor.

It is therefore the opinion of this department
that such appointments of deputies should be determined
by the Commissioners' Court of Galveston County, Texas,
through the necessity of such appointments and also
governed by the revenues of the sheriff's office. It is
very evident that no such appointments should exceed that
of necessity and that due consideration of all conditions
necessitating said appointments should be the controlling
factor in such consideration as might arise affecting
the county at large.

Therefore, you are respectfully advised that
the law contemplates the safety and security of the pro-

Hon. Charles H. Theobald,  #4
January 5, 1939.

perties of people and their personal care and protec-
tion and such action taken by the Honorable Commissioners'
Court should be governed accordingly, all in their sound
discretion.

Yours respectfully,

ATTORNEY GENERAL OF TEXAS

By *William J. Fanning*

Assistant

WJF:aw

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS